IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Quintin Eugene Vaught, ) | |
| ) | Civil Action No.: 4:12-cv-02345-RBH |
| Petitioner, ) | Criminal No.: 4:08-cr-00375-RBH |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| United States of America, ) | |
| ) | |
| Respondent. ) | |

This matter comes before the Court upon the *pro se* motion of the petitioner, Quintin Eugene Vaught, pursuant to 28 U.S.C. § 2255, filed on August 14, 2012 [docket #106].[1] In his motion, the petitioner requests the Court to vacate his sentence on grounds that "his sentence is illegal in light of *United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011)". The Court has preliminarily reviewed the petition pursuant to Rule 4 of the Rules for Section 2255 Cases and determined that the government should not be required to file an answer. ("If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party.")

The petitioner previously filed a 28 U.S.C. § 2255 motion on September 13, 2010 in which he alleged on the basis of *United States v. Rivers*, 595 F.3d 558 (4th Cir. 2010) that his conviction for failure to stop for a blue light should not have been considered a qualifying conviction for

---

[1] The filing date is governed by *Houston v. Lack*, 487 U.S. 266 (1988) (stating that a prisoner's pleading is deemed filed at the moment of delivery to prison authorities for forwarding to district court).

1

career offender purposes under the sentencing guidelines. By Order dated December 10, 2010, this Court granted the respondent's motion for summary judgment on the basis, *inter alia*, that the sentence was based on a Rule 11(c)(1)(c) plea agreement; there was no statement in the plea agreement making the petitioner's sentence dependent on a guidelines calculation; and the career offender advisory guidelines range had no effect on the sentence. Also, the undersigned noted, even assuming *arguendo* that the petitioner was sentenced based on an improperly calculated advisory guidelines range, an error in the application of the Sentencing Guidelines cannot be raised in a Section 2255 proceeding. "Section 2255 provides relief for cases in which 'the sentence was in excess of the maximum authorized by law.'"[ECF No. 76, note 1, citing *United States v. Pregent*, 190 F.3d 279, 283-84 (4th Cir. 1999)(citing *United States v. Mikalajunas*, 186 F.3d 490, 495-96 (4th Cir. 1999). The Fourth Circuit denied a certificate of appealability and dismissed the petitioner's appeal from this order on July 5, 2011.

The allegations of Petitioner's instant § 2255 motion amount to a challenge to his underlying sentence. Because the petitioner has previously filed a § 2255 petition which was adjudicated on the merits, the present petition is successive. "[A] prisoner seeking to file a successive application in the district court must first obtain authorization from the appropriate court of appeals." *United States v. Winestock*, 340 F.3d 200, 205 (4th Cir. 2003) (citing 28 U.S.C. § 2244(b)(3)); <u>see</u> <u>also</u> 28 U.S.C. § 2255 ("A second or successive motion [under this section] must be certified as provided in § 2244 by a panel of the appropriate court of appeals[.]"). In the

absence of pre-filing authorization, the district court lacks jurisdiction to consider a motion under § 2255. See *Winestock*, 340 F.3d at 205. The docket does not reflect any such authorization.[2]

Because the petitioner's motion is successive, this court lacks jurisdiction to consider the motion. The court denies the motion (#106) without prejudice to allow the petitioner to seek written permission from the Fourth Circuit Court of Appeals to file a second or successive motion pursuant to 28 U.S.C. § 2255.[3]

**Certificate of Appealability**. A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When the district court denies relief on the merits, a petitioner satisfies this standard by demonstrating that reasonable jurists would find that the court's assessment of the constitutional claims is debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003). When the district court denies relief on procedural grounds, the prisoner must demonstrate *both* that the dispositive procedural ruling is debatable, and that the petition states a debatable claim of the denial of a constitutional right. *Slack*, 529 U.S. at 484-85. In the instant matter, the court concludes that Petitioner has failed to make the requisite showing of "the denial of a constitutional right."

---

[2] Petitioner indicates that he has already filed a request with the Fourth Circuit to allow him to file a successive petition. Apparently, this request has not yet been ruled upon.

[3] Petitioner's reliance on *Neal v. Francis*, 2009 WL 2997911 (M.D.N.C. 2009) is misplaced. In *Neal*, a petition had been filed pursuant to 28 U.S.C. Section 2241. The court discussed limited situations in which a court may entertain a Section 2241 petition after denial of a Section 2255 petition and denial by an appellate court of permission to file a successive 2255 petition.

**IT IS SO ORDERED**.

                                                    s/ R. Bryan Harwell
                                                    R. Bryan Harwell
                                                    United States District Judge

Florence, South Carolina
November 27, 2012